UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J.M., et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:17-cv-01647-AGF |
| ) | |
| LIBERTY MUTUAL INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM AND ORDER**

In this action initially filed in state court, Plaintiff Phyllis Daugherty, individually and as guardian and next friend of Plaintiff J.M., a minor, seeks to recover from Defendant damages on behalf of herself and on behalf of J.M., related to a policy of uninsured motor vehicle coverage arising out of an April 22, 2014 motor vehicle collision. Defendant removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiffs have now filed a motion to remand and attached a signed and binding "Stipulation Regarding Amount in Controversy," in which Plaintiffs "irrevocably agree[] that the that the amount of damages claimed in their cause of action[] against [Defendant] is and will forever be not in excess of $75,000 each, exclusive of interest and costs." ECF No. 11-1. Defendant has not responded to the motion, and the time to do so has passed.[1]

---

[1] This is Plaintiffs' second motion to remand. The first motion (ECF No. 7) also

"Allowing a plaintiff to unequivocally establish his . . . damages as no greater than $75,000 through use of an affidavit (or other binding declaration) is entirely consistent with the congressional purpose underlying the amount-in-controversy requirement, that is, to keep the diversity caseload of the federal courts under some modicum of control." *Walsh v. J.B. Hunt Transp., Inc.*, 20 F. Supp. 2d 1300, 1301 (E.D. Mo. 1998) (citation omitted). In this case, the proffered stipulation indicates that the value of each Plaintiff's claim[2] at the time of removal did not exceed the jurisdictional minimum, such that the amount in controversy on the face of the complaint is ambiguous at best. *See Halsne v. Liberty Mut. Grp.*, 40 F. Supp. 2d 1087, 1092 (N.D. Iowa 1999). "In these circumstances, the stipulation serves to clarify rather than amend the pleadings," and the Court may find on the basis of the stipulation that jurisdiction never attached. *Id.*

Upon review of the record, and based upon Plaintiffs' stipulation, the Court finds that the amount in controversy does not exceed $75,000, and as a result, jurisdiction was lacking at the time of removal.

---

attached a stipulation of damages but stated that the amount of damages was "based upon information currently known" and did not state that it was binding or irrevocable. Defendant opposed the first motion on this basis. Before the Court ruled on that motion, Plaintiffs filed the second motion now before the Court.

[2] Subject to narrow exceptions not applicable here, "the value of multiple plaintiffs' claims cannot be aggregated to satisfy the jurisdictional amount in controversy." *Franklin v. Pinnacle Entm't, In*c., No. 4:12-CV-307 CAS, 2012 WL 1280272, at *5 (E.D. Mo. Apr. 16, 2012) (citing *Snyder v. Harris*, 394 U.S. 332, 332 (1969)).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' second motion to remand is **GRANTED**. ECF No. 11.

**IT IS FURTHER ORDERED** that Plaintiffs' earlier-filed motion to remand is **DENIED as moot**. ECF No. 7.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of the City of St. Louis, Missouri, in which it was filed.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 27th day of June, 2017.